IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.                                                   CIV 09-0219 JB/KBM
                                                     CR  04-1978 JB

ROBERT MICHAEL HANRAHAN,

    Defendant-Movant.

## ORDER DENYING
## MOTION FOR APPOINTMENT OF COUNSEL
## &
## MOTION FOR COURT-ENTERED FINDING OF WAIVER

THIS MATTER is before the Court on Defendant's renewed requests for appointment of counsel where he asserts that he is unfamiliar with the law and that the inmate who assisted in preparing Defendant's motion under 28 U.S.C. § 2255[1]

---

[1] Although the federal form for initiating a § 2255 action is captioned "motion," as is the common practice both in this Court and the Tenth Circuit, I refer to the document as a "petition." *See, e.g., United States v. Gaines,* 2008 WL 4925837 at * 1 (10th Cir. 11/18/08) ("seeks a certificate of appealability . . . to challenge the district court's denial of his 28 U.S.C. § 2255 petition"); *United States v. Hardridge,* 239 Fed. App'x 412 (10th Cir. 2007) ("his 28 U.S.C. § 2255 petition to vacate, modify, or set aside his sentence"), *cert. denied,* 128 S. Ct. 1263 (2008); *United States v. Jose Garcia-Cardenas,* CIV 08-0382 LH/KBM (*Doc. 7* at 2) ("Defendant raises three claims in his § 2255 petition").

has been transferred.  *See Docs. 4, 8* (in civil matter); *Doc. 134* (in criminal matter).  Presiding Judge James O. Browning previously denied appointment of counsel.  *See United States v. Hanrahan,* CR 04-1978 JB (Doc. 128).  The circumstances have not changed since then.  There is no constitutional right to counsel in habeas proceedings and the decision whether the appoint counsel is left the court's discretion.  Ordinarily, there is no reason to appoint counsel unless the case has reached the stage of the proceedings where an evidentiary hearing is required.  *See e.g., United States v. Leopard,* 170 F.3d 1013 (10th Cir. 1999) (§ 2255 case); *Swazo v. Wyoming Dept. of Corrections,* 23 F.3d 332 (10th Cir. 1994) (§ 2254 case); *see also Karls v. Hudson,* 182 F.3d 932 (10th Cir. ) (unpublished) (§ 2241 case), *cert. denied,* 528 U.S. 987 (1999).  This case has not reached that stage and, accordingly, appointment of counsel is not warranted at this time.

All of Defendant's claims for relief are based on allegations of ineffective assistance of counsel.  *See, e.g., Doc. 1* at 4 (in civil matter).  The United States seeks a Court determination that, by alleging ineffective assistance of counsel, Defendant is deemed to have waived his attorney-client privilege.  *See Doc. 5* (in civil matter); *Doc. 131* (in criminal matter).  Once the Court declaration is made, the United States "will request defense counsel to respond to Petitioner's allegations through an affidavit and supporting documents, and it will incorporate

counsel's response into its Answer." *Doc. 5* at 2 (in civil matter). It notes that this procedure "may preclude the need for an evidentiary hearing. *Id.* Because the United States has answered the § 2255 petition, however, under the habeas rules, I will take up reviewing the petition and answer to determine whether further supplementation, discovery, and/or an evidentiary hearing is necessary. See Rules 5-8, *Rules Governing Section 2255 Proceedings For The United States District Courts.* Like Defendant's motions for counsel, I find the United States' motion premature.

Wherefore,

IT IS HEREBY ORDERED THAT Documents 4, 5, and 8 in the civil matter and Documents 134 and 131 in the criminal matter are denied without prejudice.

_____
UNITED STATES MAGISTRATE JUDGE